## THE STATE, ELIZA HILL, PROSECUTRIX, v. GEORGE HANSOM, COLLECTOR OF TAXES OF RARITAN.

Where, under an order of the Court of Chancery, lands are sold, and a proportion of the proceeds invested on bonds and mortgages, for the use of the widow, in lieu of her estate, as tenant in dower, a tax can be levied only upon the amount of interest which had become due and was unpaid upon the bonds and mortgages at the time of the assessment.

---

On *certiorari*. In matter of taxation.

Argued at the June Term, 1872, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the prosecutor, *A. V. Van Fleet.*

For the defendant, *Geo. A. Allen.*

DALRIMPLE, J.   Under an order of the Court of Chancery, certain lands in which the prosecutrix had an estate in dower were sold, and a proportion of the proceeds invested on bonds and mortgages for the use of prosecutrix in lieu of her estate, as tenant in dower.   The condition of the bonds and mortgages is, that the interest accruing on the principal sums shall be paid to the prosecutrix on the first day of April in each and every year during her life, and that the principal shall be paid to certain persons named, immediately after her death.   In the year 1871, the prosecutrix was assessed in the township of Raritan, in the county of Hunterdon, on the full amount of these bonds and mortgages.   The legality of this tax is brought in question by this *certiorari.*   The contention of the counsel of prosecutrix is, that inasmuch as the prosecutrix is entitled to no part of the fund which is put at interest, she cannot legally be assessed thereon.   By the fourth section of the act of 1866, (*Nix. Dig., p.* 951, § 4,)* it is declared that the term personal estate, as used in that act, shall be construed to include debts due or owing, whether on contract, note, bond, mortgage or book account, public stocks and stocks in corporations, whether said personal estate be within or without this state.   If the prosecutrix is liable to taxation on the principal of the bonds and mortgages in question, it must be because they secure debts due or owing to her.   But such it is apparent is not the case in law or fact. They are made to the Chancellor, and conditioned for the payment of interest to prosecutrix during her life, and of the whole principal sum to other persons or their legal representatives, after her death.   The prosecutrix could be legally taxed for the interest which had accrued up to the time of the assessment, and for no more.   It was held in the case of *The State* v. *Cornell,* 2 *Vroom* 374, that the holder of an annuity bond can be taxed only on the sum actually due and payable

* *Rev., p.* 1151, § 63.

at the time of the assessment. In that case it is said that the bond did not secure any principal sum from which the annuity was to arise, but was simply for the payment of an annuity chargeable on the obligor. The case before us is different. The bonds secured by mortgages represent principal sums which are payable with interest. The interest being made payable to the prosecutrix in lieu of her estate in dower, would be apportioned if she should die between two pay days. The persons in remainder are entitled to the principal fund, and the prosecutrix to the interest during her life, whether that life shall terminate at or before the time when the annual payment of interest shall become due. 1 *Swanston* 349, *n*.

The assessment must be amended in conformity to these views, and the tax be levied only upon the amount of interest which had become due and was unpaid upon the bonds and mortgages, when in contemplation of law the assessment was made.

CITED in *State, Wyckoff, pros., v. Nunn,* 10 *Vr.* 422; *State, Wyckoff, pros., v. Jones,* 10 *Vr.* 650; *State, Gano, pros., v. Apgar,* 12 *Vr.* 230; *Trustees, &c., v. Trenton,* 3 *Stew. Eq.* 667.